**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaemi Rimando,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-21-00117-TUC-DCB (EJM)<br><br>**ORDER** |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and dismisses this action seeking review of a final decision by the Commissioner of Social Security brought pursuant to 42 U.S.C. § 405(g).

## MAGISTRATE JUDGE'S RECOMMENDATION

On July 15, 2022, Eric J. Markovich issued a R&R in regard the Plaintiff's Complaint. He recommends that after its independent review, the Court affirm the Commissioner's decision denying Plaintiff's claim for disability benefits.

## STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may

also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Plaintiff filed an Objection. The Defendant did not file a Response. The Court has considered the Objection, and the parties' briefs relevant to addressing the objections from the Plaintiff.

R&R: OBJECTIONS

The Plaintiff argues that the Magistrate Judge should have found, as follows: 1) the ALJ failed to fully and fairly develop the evidentiary record for determining she was not disabled and 2) the ALJ failed to articulate clear and convincing reasons to discount her symptom testimony.

Both arguments focus on the ALJ's finding that the Plaintiff's subjective claims of disability were not consistent with her medical records and other evidence of record, especially her daily living activities. The ALJ found that the objective medical record

evidence showed that "while at times Plaintiff was observed to be anxious and depressed with reports of hallucinations and agoraphobia, Plaintiff's symptoms improved with treatment and she reported she was doing well and able to engage in activities such as caring for friends and family during medical crises, babysit[ting], go[ing] shopping, and get[ting] her nails done." (R&R (Doc. 27) at 29.) The Magistrate Judge found the ALJ provided extensive citation to the medical records that reflected both her history of mental illness, including depression and anxiety, and a significant history of poly-substance abuse, including completing detox treatments and making other strides towards recovery. *Id.* at 29-30. The ALJ concluded that with treatment, the record reflected she was able to engage in daily living activities that contradicted her symptom testimony that she suffered with a totally debilitating impairment, i.e., her symptoms rendered her incapable of leaving her house. (R&R (Doc. 27) at 21 (citing hearing (AR 394647) where "Plaintiff testified that the main issue preventing her from working is that she can't leave the house a lot of the time because of anxiety and PTSD.")

The Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's finding that there was improvement to symptoms with medication compliance "is a 'legally sufficient reason to discount Plaintiff's testimony.'" (Objection (Doc. 28) at 6.) Plaintiff argues, the Magistrate Judge erred in this conclusion because it "presupposes that, first, the impairment can be controlled to the point of nondisability and second, that the claimant is capable of independently maintaining treatment compliance." *Id.* Plaintiff refers the Court to the "long-standing principle of Ninth Circuit jurisprudence that 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'" *Id.* (quoting *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–300 (9th Cir. 1999) (cleaned up).

This is not, however, a case of punishing a mentally ill plaintiff for occasionally going off their medication. As noted by the Magistrate Judge, the ALJ did not discount symptom testimony based on treatment noncompliance. The ALJ considered the extensive treatment notes spanning several years and found that the medical record reflected her

symptoms improved with treatment, including medication. *See* (R&R (Doc. 27) at 19 (reciting that her counselor told her, the counselor "felt strongly" that Plaintiff was capable of working, especially with more therapy, even though her mental illness inhibited her functioning at times). The Magistrate Judge summarized the ALJ's conclusion that Plaintiff's symptom testimony was contradicted by the record as being based on an objective medical record reflecting "multiple" occasions over the several years when her treatment provider reported improvements and she reported daily living activities like babysitting, going to the casino, getting her nails done, etc. . *Id.* at 30-32.

The Magistrate Judge expressly addressed and rejected the Plaintiff's argument that "the ALJ failed develop the record fully and fairly at her hearing because the ALJ failed to ask Plaintiff about perceived inconsistencies between her ADL [activities of daily living] and her statements regarding the limiting effects of her conditions. Summarized by the Magistrate Judge, the Plaintiff argued: "[b]ecause the ALJ discounted Plaintiff's subjective symptom testimony, in part, on this basis, and ultimately denied benefits, Plaintiff contends that the ALJ's failure to question her on this issue was harmful error." *Id.* at 34.

The Magistrate Judge recommends rejecting this argument because the Plaintiff does not point to any explanations related to daily living activities that were missed by the ALJ which might have been discovered with further development of the record. She repeats this omission in her Objection, except for her assertion that "treatment noncompliance is inevitable here." (Objection (Doc. 28) at 7.) Based on the citations relied on by the Plaintiff in the Objection, the Court assumes she means noncompliance is inevitable due to her mental illness diagnosis. *Id.* at 6-7. According to the Plaintiff, she did not assert she was 100 percent disabled but instead she asserted that she had too few "good [100%] days" and her "bad days" were too many for her to maintain employment on a "regular and continuing basis." (Objection (Doc. 28) at 6.) Explaining her disability this way, she complains that the ALJ failed to develop the record pertaining to her good days to support the ALJ's finding that the ADL evidence contradicted her symptom testimony. She admits "the record contained some possible explanations for Ms. Rimando's presence in stores, a salon, and

multiple casinos that the ALJ might have considered," such as going to casinos during periods of mania or that she had to wear headphones to reduce her anxiety when she went shopping. The Plaintiff complains that "the Decision offered no indication that the ALJ considered and rejected these." *Id.* at 3. The Plaintiff complains that the Magistrate Judge should have placed the burden on the ALJ, not the Plaintiff, to develop the record showing "why these activities are inconsistent with Plaintiff's symptom testimony." *Id.* at 4.

The Plaintiff is wrong. The record reflects the daily living activities which the ALJ relied on to reject her symptom testimony as not being entirely credible. The daily living activities speak for themselves, especially because the Plaintiff had an opportunity to and did explain the scope of her daily activities to the ALJ at the hearing. In combination with the objective medical record, the ALJ provided clear and convincing reasons for finding Plaintiff's symptom testimony was not credible to support her claim that she was unable to work on a regular and continuing basis. This Court agrees with the Magistrate Judge: "While the evidence may be subject to more than one rational interpretation, and perhaps one more favorable to Plaintiff it is not this Court's role to second-guess it." (R&R (Doc. 27) at 32) (citations omitted). The ALJ's interpretation of the evidence is rational and supported by substantial evidence. The Court has examined the record as a whole. It may not reweigh the evidence nor substitute its judgment for the that of the ALJ, and therefore, affirms the ALJ's decision. *Id.* at 32-34.

CONCLUSION

After *de novo* review of the arguments made in Plaintiff's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge. The Court adopts the R&R, and for the reasons stated therein, the Court affirms the decision of the Commissioner of Social Security to deny Plaintiff's claim for disability benefits.

**Accordingly,**

**IT IS ORDERED** that the decision of the Commissioner of Social Security is AFFIRMED.

///

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment, accordingly, and close this case.

Dated this 16th day of August, 2022.

Honorable David C. Bury
United States District Judge